UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-022 (RJL) |
| v. : | |
| : | |
| JOHN E. DIFAZIO : | |
| : | |
| Defendant. : | |

NOTICE OF FILING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSE:

   A.   The essential elements of the offense of Certain Activities Relating to Material Constituting or Containing Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5) and (b)(2)), are:

   1.   That the defendant knowingly possessed ten or more items of child pornography

   2.   That the items depicted prepubescent minors or minors under the age of twelve years;

   3.   That the items were transported in interstate or foreign commerce by computer and mail, and which items were produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including computer.

II.   COPY OF THE PLEA AGREEMENT:

   A copy of the plea agreement is attached.

III.	PENALTIES:

Pursuant to 18 U.S.C. § 2252A(b)(2), the charges carries a maximum penalty of ten years of imprisonment, a maximum fine of $250,000 pursuant to 18 U.S.C. § 3571(b)(3), and up to three years of supervised release pursuant to 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2)..

IV.	STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA:

A copy of the Statement of Offense adopted by the defendant is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No.498610

_____/s/_____
ANGELA HART-EDWARDS
Assistant United States Attorney
Federal Major Crimes Section
PA Bar No. 61468
555 4th Street, N.W.  #44241
Washington, DC 20001
Phone:	305-0037
Telecopier:	514-6010



U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*

*555 Fourth St. N.W.*
*Washington, D.C.  20001*

August 8, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Whitney Ellerman, Esq.
Janis, Schuelke & Wechsler
1728 Massachusetts Ave., NW
Washington, DC 20036
Fax: 223-7230

Re: <u>United States v. John E. DiFazio</u>

Dear Mr. Ellerman:

    This letter confirms the agreement between your client, John E. DiFazio, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office").  If your client accepts the terms and conditions of this offer, please  have your client execute this document in the space provided below.  Upon receipt of the executed document, this letter will become the plea agreement.  The terms of the offer are as follows:

John E. DiFazio's Obligations, Acknowledgments and Waivers:

    1.  Your client, John E. DiFazio, agrees to admit guilt and enter a plea of guilty to one count of possession of child pornography in a Criminal Information, a copy of which is attached, in violation of 18 U.S.C. § 2252A(a)(5).  Your client understands that pursuant to 18 U.S.C. § 2252A(b)(2), the charges carries a maximum penalty of ten years of imprisonment, a maximum fine of $250,000 pursuant to 18 U.S.C. § 3571(b)(3), and up to three years of supervised release pursuant to 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2).  In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing.  Your client further understands that your client will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which  will apply

Rev. 1/18/05 daj

to determine your client's guideline range. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

      2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that your client (1) possessed material involving a prepubescent minor or a minor under the age of twelve years; (2) possessed more than 10, but fewer than 150, visual depictions involving the sexual exploitation of a minor; (3) involved the use of a computer or an interactive computer service to possess or receive these images; and (4) possessed material that portrayed sadistic or masochistic conduct, the possession of each of which will result in an increase in your client's base offense level under the Sentencing Guidelines. Your client also agrees to, and hereby does, admit the truthfulness of the facts set forth in the attached factual proffer as the basis for his admission of guilt.

      3. The Government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in paragraph 2 of this agreement. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

      4. Your client acknowledges and agrees that pursuant to 18 U.S.C. §§ 3563 and 3583, your client is required to register as a sexual offender as a mandatory condition of probation and/or supervised release. Specifically, your client must report the address where he will reside and any subsequent change of residence to the probation officer responsible for his supervision and he must register in any State where he resides, is employed, carries on a vocation, or is a student. Additionally, your client agrees that as a term of this agreement, and as a specific term of probation or supervised release, he will register a current address, fingerprints and a current photograph with the Federal Bureau of Investigation for inclusion in its national sex offender database. Your client further agrees that he will notify the Federal Bureau of Investigation and the State in which he establishes new residence, not later than ten days after he establishes a new residence, of the change, and will register a current address, fingerprints and photograph with the Federal Bureau of Investigation and the State.

      5. To the extent your client has any interest in any computer equipment used to committ and facility the commission of the offense of possession of child pornography in violation of 18

U.S.C. § 2252A(a)(5), your client agrees to waive your client's interest in and not to contest the administrative forfeiture of that computer equipment, including desk-top computers and components; related communications devices such as modems; computer software; computer related documentation, including electronically stored material that explains of illustrates how to use the computer hardware, software, or other related items; data security devices designated to restrict access to or to hide computer software, documentation or data; and any storage media, including hard drives, compact disks, DVDs, or other data storage material containing the contraband visual depictions of child pornography.  Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.  Your client further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  Your client agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Your client acknowledges that your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case and your client waives any failure by the Court to advise your client of this, pursuant to Rule 11(b)(1)(J), at the time your client's guilty plea is accepted.  Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.  Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

      6. Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty.

      7. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury ,or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses.  Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

      8. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>.  Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court.  Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

9. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

10. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

11. Other than the offense to which your client agrees to plead guilty pursuant to this Agreement, this Office agrees not to charge your client with any other federal criminal offense in connection with your client's possession of the child pornography committed before the execution of this Agreement. This paragraph does not apply to any "crimes of violence" as that term is defined by 18 U.S.C. § 16 and D.C. Code § 22-4501, or any offense which your client failed to disclose to us before entering into this Agreement. Your client also understands that this Agreement affects only the federal criminal charges involved in this matter and shall not be construed, in whole or in any part, as a waiver, settlement, or compromise of any remedies available to the United States under 31 U.S.C. §§ 3729 et seq., or any other civil remedies available to the United States or any department or agency of the United States.

12. The Government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of

sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her the plea of guilty in this case.

General Conditions

13. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

14. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

15. There are no other agreements, promises, understandings or undertakings between your client and this Office . Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

_____
KENNETH L. WAINSTEIN.
UNITED STATES ATTORNEY

_____
G. MICHAEL HARVEY
ASSISTANT UNITED STATES ATTORNEY
Office of the United States Attorney
Federal Major Crimes Section
Room 4243
555 Fourth Street, N.W.
Washington, D.C. 20530
Tel:    202-305-2195/Fax:    202-616-3782

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Whitney Ellerman, Esquire.  I fully understand this agreement and agree to it without reservation.  I do this voluntarily and of my own free will, intending to be legally bound.  No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully.  I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.  I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date:_____          _____
                                John E. DiFazio
                                Defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully.  These pages accurately and completely sets forth the entire plea agreement.  I concur in my client's desire to plead guilty as set forth in this agreement.

Date:_____          _____
                                Whitney Ellerman, Esquire
                                Attorney for the Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | |
| JOHN E. DIFAZIO | : | VIOLATION: |
| | : | 18 U.S.C. § 2252A |
| Defendant. | : | (Possession of Child Pornography) |

**FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this statement of facts which the United States would have presented if this matter had gone to trial. The facts presented below show, beyond a reasonable doubt, that on or about March 23, 2005, in the District of Columbia and elsewhere, the defendant, **JOHN E. DIFAZIO**, committed the offense of Unlawful Possession of Child Pornography in violation of 18 U.S.C. § 2252A.

1.  Beginning on or about February 23, 2005, Mr. DiFazio communicated by e-mail from his work computer located at 900 17th Street, N.W., Suite 300, Washington, D.C., to an undercover United States Postal Inspector (the "UC") who had advertised "home made movies of real school girls" on a website devoted to child actress Dakota Fanning. After an exchange of emails, Mr. DiFazio ultimately ordered a DVD described to Mr. DiFazio as containing sexually explicit conduct between three minor girls with a minor boy and an adult male. Mr. DiFazio ordered the DVD by mailing $20 in U.S. currency on February 24, 2005, to a post office box in Maine as instructed by the UC in an email. The UC received Mr. DiFazio's order for the DVD on or about February 28, 2005.

2.  Following that date, United States Postal Inspectors prepared a controlled delivery

of a DVD containing sexually explicit conduct including but not limited to, fellatio between a preteen boy and girls, masturbation among preteen boys and girls, sexual intercourse between an adult and a preteen girl, and sexual intercourse between preteens. The Express Mail package was affixed with an address of "John DiFazio, 900 17th Street, N.W., Suite 300, Washington, D.C. 20006," a return address of "Sam M., P.O. Box 184 Stetson, Maine, 04488" along with postage and a cancelled postmark. On or about March 5, 2005, the package was mailed from the United States Postal Inspection Service in Cleveland, Ohio, to the United States Postal Inspection Service in Merrifield, Virginia. It was received by a Postal Inspector in Merrifield, Virginia, on or about March 7, 2005. Thereafter, on or about March 23, 2005, a United States Postal Inspector dressed as a United States Mail carrier delivered the Express Mail package to Mr. DiFazio at 900 17th Street, N.W., Suite 300, Washington, D.C. The Inspector asked for Mr. DiFazio by name, and delivered the package directly to the defendant, who signed for it.

3.      Approximately twenty minutes after Mr. DiFazio's receipt of the Express Mail package, Federal Agents conducted a search of his workspace at 900 17th Street, N.W., Suite 300, pursuant to an anticipatory search warrant. Found on Mr. DiFazio's desk was the Express Mail package which he had just signed for. The package was opened. Further, Federal Agents found in Mr. DiFazio's office at least 458 images of child pornography, 77 of which appear on paper found in his workspace, and 381 of which had been saved to Mr. DiFazio's hard-drive. Subsequently, a staff analyst of the National Center for Missing and Exploited Children reviewed the material seized from Mr. DiFazio's office, and determined that at least 62 of those images contained known child victims, that is, depicted real children. Among the images of child pornography possessed by Mr. DiFazio were at least 350 that involved a prepubescent minor or a minor who had not attained the age of 12 years of which 62 images were of known

child victims. Among the previously identified images saved on Mr. DiFazio's hard drive, was a sado-masochistic image of a six-year-old girl, and known child victim, displaying her genitals with the word "slut" written in red color across her naked chest. The sexual abuse and sexually explicit photography of the six-year-old girl occurred in North Carloina.

    4.    Mr. DiFazio possessed these images of child pornography knowingly and on purpose, not by accident or mistake. On March 23, 2005, Mr. DiFazio voluntarily told Postal Inspectors that he had received the DVD and that he knew it was supposed to contain child pornography, although he had not yet looked at before it was seized. He told the Inspectors that he used his office computer to order the DVD and to acquire other images over the Internet which he then saved on his computer, downloaded onto compact disks or printed out and kept in various locations in his office. Mr. DiFazio told the Inspectors that he had images of child pornography on his desk top computer in the C: drive in a folder called "My Videos." During the search of Mr. DiFazio's office, Inspectors found child pornography in this location on his office computer. Mr. DiFazio also informed the Inspectors that he kept printed images of child pornography in his office, which he had retrieved from the Internet, in a large envelope between two stacks of paper in his file cabinet, on compact disks in an envelope, in the third drawer of his credenza, and in his briefcase. During the search of Mr. DiFazio's office, Inspectors found child pornography in each of these locations. When the Agents showed Mr. DiFazio some of the images found in his office on March 23, 2005, he acknowledged that they belonged to him.

    5.    Mr. DiFazio also voluntarily provided the Inspectors with a hand-written statement, setting forth his correspondence with the UC, and recounting that the UC had offered descriptions of several DVDs. In his statement, Mr. DiFazio said the description of the DVD he selected to purchase was of children aged approximately 8, 9 and 12 and an adult all engaging in

explicit sexual activity. Mr. DiFazio admitted he mailed cash to pay for this DVD, and that he received an Express Mail package containing the DVD that day.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney
        D.C. Bar No. 451-058

        G. MICHAEL HARVEY
        Assistant United States Attorney
        D.C. Bar No. 447-465
        Federal Major Crimes Section
        555 4th Street, N.W.   Room 4243
        Washington, DC 20530
        Tel: 202-305-2195