**FILED**

MAR 2 1 2007

U.S. Department of Justice
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States Attorney

_District of Columbia_

Judiciary Center
555 Fourth St. N.W.
Washington, D.C. 20001

August 8, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Whitney Ellerman, Esq.
Janis, Schuelke & Wechsler
1728 Massachusetts Ave., NW
Washington, DC 20036
Fax: 223-7230

Re: <u>United States v. John E. DiFazio</u>
CR 07-22

Dear Mr. Ellerman:

This letter confirms the agreement between your client, John E. DiFazio, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

<u>John E. DiFazio's Obligations, Acknowledgments and Waivers:</u>

1. Your client, John E. DiFazio, agrees to admit guilt and enter a plea of guilty to one count of possession of child pornography in a Criminal Information, a copy of which is attached, in violation of 18 U.S.C. § 2252A(a)(5). Your client understands that pursuant to 18 U.S.C. § 2252A(b)(2), the charges carries a maximum penalty of ten years of imprisonment, a maximum fine of $250,000 pursuant to 18 U.S.C. § 3571(b)(3), and up to three years of supervised release pursuant to 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that your client will be sentenced according to 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Guidelines Manual ("Sentencing Guidelines"), which will apply

Rev. 1/18/05 daj

to determine your client's guideline range. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that your client (1) possessed material involving a prepubescent minor or a minor under the age of twelve years; (2) possessed more than 10, but fewer than 150, visual depictions involving the sexual exploitation of a minor; (3) involved the use of a computer or an interactive computer service to possess or receive these images; and (4) possessed material that portrayed sadistic or masochistic conduct, the possession of each of which will result in an increase in your client's base offense level under the Sentencing Guidelines. Your client also agrees to, and hereby does, admit the truthfulness of the facts set forth in the attached factual proffer as the basis for his admission of guilt.

3. The Government agrees that it will not seek any increases in your client's base offense level other than those which are agreed to by your client in paragraph 2 of this agreement. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

4. Your client acknowledges and agrees that pursuant to 18 U.S.C. §§ 3563 and 3583, your client is required to register as a sexual offender as a mandatory condition of probation and/or supervised release. Specifically, your client must report the address where he will reside and any subsequent change of residence to the probation officer responsible for his supervision and he must register in any State where he resides, is employed, carries on a vocation, or is a student. Additionally, your client agrees that as a term of this agreement, and as a specific term of probation or supervised release, he will register a current address, fingerprints and a current photograph with the Federal Bureau of Investigation for inclusion in its national sex offender database. Your client further agrees that he will notify the Federal Bureau of Investigation and the State in which he establishes new residence, not later than ten days after he establishes a new residence, of the change, and will register a current address, fingerprints and photograph with the Federal Bureau of Investigation and the State.

5. To the extent your client has any interest in any computer equipment used to committ and facility the commission of the offense of possession of child pornography in violation of 18

Rev. 1/18/05 daj                                    2

U.S.C. § 2252A(a)(5), your client agrees to waive your client's interest in and not to contest the administrative forfeiture of that computer equipment, including desk-top computers and components; related communications devices such as modems; computer software; computer related documentation, including electronically stored material that explains of illustrates how to use the computer hardware, software, or other related items; data security devices designated to restrict access to or to hide computer software, documentation or data; and any storage media, including hard drives, compact disks, DVDs, or other data storage material containing the contraband visual depictions of child pornography. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute. Your client further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Your client agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client acknowledges that your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case and your client waives any failure by the Court to advise your client of this, pursuant to Rule 11(b)(1)(J), at the time your client's guilty plea is accepted. Your client further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

6. Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty.

7. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

8. Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Commission's Guidelines Manual. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

Rev. 1/18/05 dmj

3

9. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

10. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

## THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:

11. Other than the offense to which your client agrees to plead guilty pursuant to this Agreement, this Office agrees not to charge your client with any other federal criminal offense in connection with your client's possession of the child pornography committed before the execution of this Agreement. This paragraph does not apply to any "crimes of violence" as that term is defined by 18 U.S.C. § 16 and D.C. Code § 22-4501, or any offense which your client failed to disclose to us before entering into this Agreement. Your client also understands that this Agreement affects only the federal criminal charges involved in this matter and shall not be construed, in whole or in any part, as a waiver, settlement, or compromise of any remedies available to the United States under 31 U.S.C. §§ 3729 et seq., or any other civil remedies available to the United States or any department or agency of the United States.

12. The Government agrees that the base offense level for the crime to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of

Rev. 1/18/05 daj

4.

sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her the plea of guilty in this case.

General Conditions

13. This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

14. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

15. There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

KENNETH L. WAINSTEIN.
UNITED STATES ATTORNEY

G. MICHAEL HARVEY
ASSISTANT UNITED STATES ATTORNEY
Office of the United States Attorney
Federal Major Crimes Section
Room 4243
555 Fourth Street, N.W.
Washington, D.C. 20530
Tel:   202-305-2195/Fax:   202-616-3782

Rev. 1/18/05 dh                                    5

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Whitney Ellerman, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 1/12/2007

John E. DiFazio
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 1/12/2007

Whitney Ellerman, Esquire
Attorney for the Defendant

Rev. 1/18/05 daj

6