**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Docket No.: CR-07-00022-001 (RJL) |
| | ) |
| JOHN E. DIFAZIO | ) |
| | ) |

SUPPLEMENT TO JOHN E. DIFAZIO'S
MEMORANDUM IN AID OF SENTENCING

Defendant John DiFazio respectfully submits this supplement to his memorandum in aid of sentencing in light of the Supreme Court's recent decision in *Gall v. United States*, 128 S.Ct. 586 (2007). The sentencing hearing is currently scheduled for January 17, 2008.

I.   The Court has the Authority to Issue a Non-Guidelines Probationary Sentence in this Case

In his sentencing memorandum, Mr. DiFazio argues that the factors set forth in 18 U.S.C. § 3553 weigh in favor of a non-Guidelines sentence for Mr. DiFazio. The *Gall* decision indicates that, should the Court agree with Mr. DiFazio's analysis of the § 3553 factors, it has the discretion to sentence him to a term of probation.

In *Gall v. United States*, 128 S.Ct. 586 (2007), the trial judge departed from the Guidelines range of 30-37 months, and sentenced the defendant to three years' probation for conspiracy to distribute ecstasy. The trial judge explained that the departure was warranted due to the defendant's withdrawal from the conspiracy, his post-offense conduct, his support of his family, his lack of criminal history, and his young age at the time of the offense. The appellate court overruled the sentence, stating that such a departure was justified only in "extraordinary circumstances." The Supreme Court

upheld the sentence of probation and confirmed that *Booker v. United States*, 543 U.S. 220 (2005), gave trial judges the authority to depart from the Guidelines and assign *any* reasonable sentence so long as they provided sufficient justification for their decision. The Supreme Court specifically rejected the appellate rule "that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range," as well as the use of a rigid mathematical formula "for determining the strength of the justifications required for a specific sentence." *Id.* at 595. If a trial judge decides that a non-Guidelines sentence is appropriate, "he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 597. The *Gall* decision also established an abuse of discretion standard of review when evaluating the substantive reasonableness of the sentence. *Id.*[1]

The *Gall* decision firmly secures the trial court's discretion to assign a reasonable and appropriate sentence even if that sentence significantly departs from the Sentencing Guidelines. As in *Gall*, the mitigating factors in this case render a Guidelines sentence excessive and unwarranted: Mr. DiFazio fully cooperated with the government; he has no prior criminal record; he has expressed sincere remorse for his conduct; he has actively pursued and continues to receive the highest quality of professional treatment for his behavior at his own expense; he is the only child of and the caregiver for his elderly mother; he is the devoted father of two teenage children who depend on him; he has already suffered significant professional and personal repercussions as a result of his

---

[1] The Gall decision was recently applied to an analogous Fourth Circuit case. In *United States v. Pauley*, 2007 WL 4555520 (December 28, 2007), the trial court departed substantially from a Guidelines range for possession of child pornography. The government argued that the sentence must be vacated because such a departure from the Guidelines is only permitted with a showing of "compelling reasons" for the departure. The Pauley Court rejected this argument specifically in light of the Gall decision.

2

actions; he has not reoffended in the almost three years since his conduct was discovered; and he has a low risk of recidivism.

II.  The Government's Reliance on *United States v. Grinbergs,* and *United States v. Goldberg* is no Longer Appropriate After the *Gall* Decision

In its sentencing memorandum, the government relies on *United States v. Grinbergs,* 470 F.3d 758 (8th Cir. 2006), and *United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007), as support for its request for a sentence within the Guidelines range. Neither of these cases, however, continue to support the government's position in light of the *Gall* decision. In *Grinbergs,* the court set aside the non-Guidelines sentence after a *de novo* review of the trial court's reasoning and a mathematical assessment of the amount of sentence reduction, both of which are now improper bases under *Gall.*[2] Similarly, the *Goldberg* court also engaged in a *de novo* review of the judge's reasoning, which is now prohibited under *Gall.*

---

[2] Indeed, the judgment in *United States v. Grinbergs* has been vacated and the case has been remanded to the Eight Circuit for further consideration in light of *Gall v. United States.* (2008 WL 59234 (January 7, 2008)).

3

III.    Conclusion

For the reasons stated above, and considering all of the information and arguments set forth in his memorandum in aid of sentencing, defendant John DiFazio respectfully submits that a sentence of probation, which could include a lengthy period of home confinement (with electronic monitoring and restricted access to the Internet) and significant community service, is reasonable and appropriate in this case.

Date:   January 10, 2008                              Respectfully submitted,

                                                                                    /s/
                                          Whitney C. Ellerman, Esq.
                                          Bar No. 420486
                                          HUNTON & WILLIAMS LLP
                                          1900 K Street, N.W.
                                          Washington, DC 20006
                                          (202) 955-1500

                                          Counsel for Defendant
                                          John E. DiFazio

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January 2008, I caused the foregoing Supplement To John E. Difazio's Memorandum In Aid Of Sentencing to be served electronically on counsel of record pursuant to the Court's ECF System, and emailed same to Assistant United States Attorney Angela Hart-Edwards, and United States Probation Officer Michael J. Penders.

**Angela Hart-Edwards**
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, DC 20530

**Michael J. Penders**
United States Probation Officer
333 Constitution Ave., N.W.
Suite 2800
Washington, D.C. 20001-2866

/s/
Whitney C. Ellerman